PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
09/03/99
THOMAS K. KAHN
CLERK

———————————————

No. 99-8185
Non-Argument Calendar

———————————————

D. C. Docket No. 98-00368-1-CR-RWS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY LERON HUNT,

Defendant-Appellant.

———————————————

Appeal from the United States District Court
for the Northern District of Georgia

———————————————

(September 3, 1999)

Before TJOFLAT, COX and HULL, Circuit Judges.

PER CURIAM:

Anthony Leron Hunt appeals following his conviction for bank robbery, in violation of 18 U.S.C. § 2113, and using a firearm in the commission of that offense, in violation of 18 U.S.C. § 924(c). Hunt contends that the Government failed to offer sufficient evidence that the "gun" described by victims at his trial was a "firearm" as that term is used in § 924(c). For the reasons that follow, we conclude that the evidence was sufficient.

## I. Background

The statutory section at issue in this case is 18 U.S.C. § 924(c)(1), which in relevant part provides that it is a separate offense for a person to use or carry a "firearm" while committing a crime of violence. Bank robbery is a crime of violence covered by this section. A "firearm" is defined in a separate section of the statute as any weapon "which will or is designed to or may readily be converted to expel a projectile by the action of an explosive," the "frame or receiver of any such weapon," or "any firearm muffler or firearm silencer." 18 U.S.C. § 921(a)(3).

At Hunt's trial, the Government offered evidence that Hunt had entered a NationsBank in Stockbridge, Georgia with a female companion and approached one of the tellers. Dina Hawkins, a teller at the bank, testified that when she asked if she could help them, Hunt pointed a gun at her and asked for money. She further testified that "he cocked the gun" in her face and ordered her not to give him any dye packs.

2

(R. 2 at 30.) After she gave him money, he and his companion walked down the row of tellers and took money from the other tellers. A second witness also testified that Hunt used a gun while committing the robbery. Linda Schenk testified that she walked back to the teller counter from the restroom and noticed that several tellers had their hands raised in the air. She stated that at that point she noticed Hunt with the gun and he told her to stop moving. At the time she saw Hunt, she was one teller station away from where he stood in front of Hawkins. After they had taken the money from the tellers, Hunt and his companion left the bank through the back door.

The gun was never recovered and was not introduced into evidence at Hunt's trial. In addition to the testimony of the two witnesses regarding the gun, the Government introduced surveillance photographs of Hunt holding what appeared to be a gun. The teller testified that the photographs were of the same gun that she had seen and were taken from a similar vantage point. The Government also introduced the videotape taken from the bank's surveillance camera.

Hunt filed a motion pursuant to Fed. R. Crim. P. 29 at the close of the Government's case and argued that the Government had failed to offer sufficient evidence to show that the device in his hand was a "firearm" covered by § 924(c). The motion was denied. He renewed the motion before the case was submitted to the

jury and it was again denied.  After he was convicted on both counts, he filed this appeal.

## II. Standard of Review

We review a sufficiency of the evidence argument *de novo*.  *United States v. Chirinos*, 112 F.3d 1089, 1095 (11th Cir. 1997).  The evidence is sufficient to support a conviction if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979) (emphasis in original).

## III.  Discussion

Hunt argues that the testimony of witnesses at the bank that he had a "gun" is insufficient to show beyond a reasonable doubt that he was using a "firearm" as that term is statutorily defined.  He contends that the Government was required to offer sufficient evidence that the device he carried was a real firearm capable of firing a projectile by means of an explosive.  The Government responds that this circuit should adopt the approach of all the other circuits that have addressed the issue and hold that lay opinion is sufficient to establish that a device is a firearm.  We agree.

Although the Eleventh Circuit has not addressed this issue, other circuits that have analyzed it have uniformly concluded that non-expert witness testimony may be

4

sufficient to establish that a defendant was using a "firearm" for purposes of sustaining a conviction under § 924(c)(1). *See United States v. Beverly*, 99 F.3d 570 (3d Cir. 1996); *United States v. Taylor,* 54 F.3d 967, 975 (1st Cir. 1995); *United States v. Moore*, 25 F.3d 563, 568-69 (7th Cir. 1994); *United States v. Jones*, 16 F.3d 487, 490-91 (2d Cir. 1994); *United States v. Jones*, 907 F.2d 456, 460 (4th Cir. 1991); *Parker v. United States*, 801 F.2d 1382, 1384-85 (D.C. Cir. 1986). In *Parker*, for example, the only evidence that the defendant had used a real firearm while robbing a bank was testimony from two lay witnesses that he had carried a "gun" and had threatened to "[b]low [their] . . . head[s] off." *Parker*, 801 F.2d at 1383. The District of Columbia Circuit held that the testimony was adequate to support the defendant's § 924(c) conviction. *Id.* at 1385. The Second Circuit dealt with a similar situation in *Jones*. In that case, three eyewitnesses to a bank robbery testified that the defendant had carried a silver gun with a white handle, had pushed the gun into a bank employee's back, and had pointed it at another. *Jones*, 16 F.3d at 491. The Second Circuit acknowledged that none of the witnesses had observed the gun at close range or were weapon experts. *Id.* It also noted, however, that the government was not required to prove that the gun was not a "sophisticated toy" or other facsimile of an operating gun. *Id.* The court concluded that it was for the jury to weigh the evidence,

including the witnesses' testimony, and determine whether the object displayed in the bank by the defendant was in fact a "firearm." *Id.*

We find these opinions to be persuasive and join these other circuits in holding that a § 924(c) conviction may be sustained by lay witness testimony that a defendant carried or used a gun. We reject the idea that the government must show to a scientific certainty that a defendant is carrying a device that fires projectiles by means of an explosive. The government need not offer the gun itself into evidence or produce an expert witness to identify a "firearm."

In the present case, there was sufficient evidence for a rational jury to conclude beyond a reasonable doubt that the device that Hunt carried was a "firearm." The Government offered the testimony of two witnesses who, at close range, observed Hunt point a gun at them. Furthermore, the bank surveillance photographs and the videotape of the crime clearly show Hunt holding what appears to be a gun. The jury in this case had the evidence before it and drew a reasonable inference that the object in Hunt's hand was a real gun and not a toy. We leave that decision undisturbed.

## IV. Conclusion

For the foregoing reasons, Hunt's conviction is affirmed.

AFFIRMED.