[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 17, 2005
THOMAS K. KAHN
CLERK

No. 04-12742
Non-Argument Calendar

_____

D.C. Docket No. 03-00031-CR-FTM-29DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PERRY JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 17, 2005)

Before TJOFLAT, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

A jury convicted appellant, and the district court sentenced him, on two counts of armed bank robbery (Counts One and Three), in violation of 18 U.S.C. §§ 2113(a) and 2113(d) ; one count (Count Two) of using and carrying a firearm

during and in relation to a crime of violence and possessing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A); one count (Count Five) of possessing explosive pipe bombs in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(c)(1)C)(ii); and one count (Count Six) of possessing unregistered explosives, in violation of 26 U.S.C. §§ 5861(d) and 5871. In this appeal, appellant contends that the district court should have granted his Fed. R. Crim. P. 29(a) motion for judgment of acquittal on Count Five. This is so, he says, because no reasonable jury could have found that he participated in the detonation of pipe bombs behind a Publix supermarket and near a Walgreens pharmacy for the purpose of detracting the police while he robbed an AmSouth Bank and that such conduct was "in furtherance of" that bank robbery within the meaning of 18 U.S.C. § 924(c)(1).

Section 924(c)(1)(A) states:

Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime–

2

(i) be sentenced to a term of imprisonment of not less than 5 years;

(ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and

(iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A). By definition, the term "firearm" includes a bomb. See 18 U.S.C. § 921(a)(3)(D) and (4)(A)(i), and a bank robbery is a "crime of violence." See e.g., United States v. Hunt, 187 F.3d 1269, 1270 (11th Cir. 1999).

In United States v. Timmons, 283 F.3d 1246 (11th Cir. 2002), we "analyze[d] . . . , for the first time, the sufficiency of the evidence required to support a conviction for possession of a firearm in 'furtherance of' a drug trafficking crime." Id, at 1252. Noting that "furtherance" means "a helping forward," we concluded that "a conviction under this portion of § 924(c) requires that the prosecution establish that the firearm helped, furthered, promoted, or advanced the drug trafficking." Id. (citation omitted). We explained that Congress intended that the government be required to "illustrate through specific facts, which tie the defendant to the firearm, that the firearm was possessed to advance or promote the criminal activity." Id. Explaining further that "there must be 'a showing of some nexus between the firearm and the drug selling operation,'" we concluded that "the evidence against Timmons (bullet proof vest, crack

3

cocaine on the stove and under the cushions of the couch, two fully loaded firearms on top of the oven and ammunition inside the oven in the living room of his apartment) was sufficient for the jury to have concluded that Timmons was guilty of possessing the firearms 'in furtherance of' drug trafficking." Id. at 1253 (citation omitted).

In this case, the Government's case established (1) that the destructive devices were possessed in order to advance the bank robbery, and (2) connected appellant to the destructive devices, such that a reasonable jury could have concluded that the evidence established his guilt beyond a reasonable doubt.

**AFFIRMED.**