[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

-------------------------------------

No. 07-15380
Non-Argument Calendar

-------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 28, 2008
THOMAS K. KAHN
CLERK

D.C. Docket No. 04-00434-CR-T-26-TBM

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                    versus

HAROLD WILLIAMS,

                                        Defendant-Appellant.

-------------------------------------------------------------------
Appeal from the United States District Court
for the Middle District of Florida
-------------------------------------------------------------------

**(August 28, 2008)**

Before EDMONDSON, Chief Judge, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

Harold Williams appeals his convictions after a jury trial for possession of a

firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and receiving,

possessing, and disposing of a stolen firearm, in violation of 18 U.S.C. § 922(j). Williams contends the district court erred in denying his motion for judgment of acquittal and, in the alternative, motion for new trial, both of which were based on a claim of insufficient evidence. We disagree and affirm his convictions.

I.

Upon a defendant's motion, a district court must grant a "judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). We review de novo the sufficiency of evidence to support a conviction. United States v. Ortiz, 318 F.3d 1030, 1036 (11th Cir. 2003). We will affirm a conviction if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Hunt, 187 F.3d 1269, 1270 (11th Cir. 1999) (internal quotation marks omitted) (emphasis in original). In making this determination, we review the evidence in the light most favorable to the government and accept all reasonable inferences in favor of the jury's verdict. United States v. Chirinos, 112 F.3d 1089, 1095 (11th Cir. 1997).

The government introduced sufficient evidence to sustain Williams's convictions for possession of a firearm by a convicted felon[1] and receiving, possessing, and disposing of a stolen firearm.[2] First, the parties stipulated that Williams was a convicted felon at the time of the offenses. Second, the government produced uncontroverted evidence that the pertinent firearms were involved in interstate commerce and stolen. Finally, multiple government witnesses provided testimony suggesting that Williams possessed the firearms, knew or had reason to know the firearms were stolen when doing so, and thereafter participated in the sale of the firearms to a third party.

Although Williams introduced no evidence in his defense, he nevertheless claims the government's case is insufficient because the testimony on which it is principally based is contradictory and inconsistent and, as a result, not credible. Credibility determinations, however, fall within the exclusive province of the jury and may not be revisited unless the testimony "is incredible as a matter of law."

---

[1] To convict under section 922(g)(1), the government must prove (1) the defendant was a convicted felon, (2) the defendant knowingly possessed a firearm or ammunition, and (3) the firearm or ammunition was part of interstate commerce. United States v. Palma, 511 F.3d 1311, 1315 (11th Cir. 2008).

[2] To convict under section 922(j), the government must prove (1) the defendant received, possessed, concealed, stored, bartered, sold, or disposed of a stolen firearm, (2) the defendant knew or had reason to know the firearm was stolen, and (3) the firearm was part of interstate commerce. 18 U.S.C. § 922(j).

United States v. Calderon, 127 F.3d 1314, 1325 (11th Cir. 1997) (internal quotation marks omitted). Testimony is incredible only if it is "unbelievable on its face"—it offers "facts that [the witness] physically could not have possibly observed or events that could not have occurred under the laws of nature." United States v. Rivera, 775 F.2d 1559, 1561 (11th Cir. 1985) (internal quotation marks omitted). Williams has not shown that the testimony of the government's witnesses is incredible as a matter of law. We therefore see no error in the district court's denial of Williams's motion for judgment of acquittal.

II.

We review the denial of a motion for new trial for abuse of discretion. United States v. Campa, 459 F.3d 1121, 1151 (11th Cir. 2006). In ruling on a motion for new trial, and unlike a motion for judgment of acquittal, the district court "may weigh the evidence and consider the credibility of the witnesses." United States v. Martinez, 763 F.2d 1297, 1313 (11th Cir. 1985). But to set aside a jury's verdict, "[t]he evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." Id. A motion for new trial based on the weight of the evidence is "not favored," and

courts are to grant them "only in those really exceptional cases." Id. (internal

quotation marks omitted). Here, even considering the credibility of the

government's witnesses and any inconsistencies in their testimony,[3] the weight of

the evidence does not preponderate heavily against the jury's verdict. We

therefore see no error in the district court's denial of Williams's motion for new

trial.

III.

Williams's convictions are AFFIRMED.

---

[3]As Williams correctly points out, new trial motions based on the weight of the evidence have been granted where "the credibility of the government's witnesses had been impeached and the government's case had been marked by uncertainties and discrepancies." United States v. Cox, 995 F.2d 1041, 1045 n.9 (11th Cir. 1993) (internal quotation marks omitted). But that is not the case here.