[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14483
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 26, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00116-CR-WSD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TREMAYNE D. CRAWFORD,
a.k.a. Truman Deon Crawford, etc.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 26, 2009)

Before TJOFLAT, BIRCH and HULL, Circuit Judges.

PER CURIAM:

A Northern District of Georgia jury found Tremayne D. Crawford guilty of

possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1). Because Crawford had previously been convicted of three felony drug offenses, he was subject to the penalty prescribed by 18 U.S.C. § 924(e), and the court sentenced him to prison for a term of 235 months. He now appeals his conviction and sentence.

Crawford challenges his conviction on three grounds, two of which merit discussion[1]: (1) the evidence was insufficient to prove that he "possessed" the firearm for purposes of § 922(g), and (2) the district court erred by instructing the jury that one may constructively possess an object by exercising dominion or control over the vehicle in which the object is located. We consider them in turn.

Sufficiency of the evidence

We review de novo the sufficiency of evidence to support a conviction. United States v. Ortiz, 318 F.3d 1030, 1036 (11th Cir. 2003). We take "the evidence in the light most favorable to the government, with all reasonable inferences and credibility choices made in the government's favor," Ortiz, 318 F.3d at 1036 (quotation omitted), and, doing so, we affirm the conviction if "any

---

[1] Crawford moved the district court to dismiss the indictment on the ground that § 922(g) was unconstitutional, exceeding the limits of the Commerce Clause. He conceded that this challenge was foreclosed by Eleventh Circuit precedent. We reject the challenge for that reason. See e.g., United States v. McAllister, 77 F.3d 387, 388, 390 (11th Cir. 1996) (holding that the statute was facially valid, and that, "[b]ecause the government demonstrated that the firearm possessed by [the defendant] previously had traveled in interstate commerce, the statute is not unconstitutional as applied to him")

rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Hunt, 187 F.3d 1269, 1270 (11th Cir. 1999) (quotation omitted). Crawford argues that the evidence failed to show that he had the intention or power to exercise dominion or control over the firearm because police officers prevented him from placing his hand on it.

To convict a defendant under 18 U.S.C. § 922(g)(1), the government must prove (1) the defendant was a convicted felon, (2) the defendant knowingly possessed a firearm or ammunition, and (3) the firearm or ammunition was part of interstate commerce. United States v. Palma, 511 F.3d 1311, 1315 (11th Cir.), cert. denied, 129 S.Ct. 215 (2008). "Possession can be shown by circumstantial as well as direct evidence . . . [and] can be either actual or constructive . . . . ." United States v. Crawford, 906 F.2d 1531, 1535 (11th Cir. 1990) (citations omitted). "A defendant has constructive possession if he exercises ownership, dominion, or control over the firearm. A defendant also has constructive possession if he has the power and intention to exercise dominion or control." United States v. Gunn, 369 F.3d 1229, 1235 (11th Cir. 2004) (citations omitted). Constructive possession exists when a defendant "has knowledge of the thing possessed coupled with the ability to maintain control over it or reduce it to his physical possession even though he does not have actual personal dominion," or has "ownership, dominion,

3

or control over the contraband itself or dominion or control over the premises or the vehicle in which the contraband was concealed." United States v. Derose, 74 F.3d 1177, 1185 (11th Cir. 1996) (quotation omitted). Mere presence near contraband, or awareness of its location, is insufficient to establish possession. United States v. Gardiner, 955 F.2d 1492, 1495 (11th Cir. 1992). A firearm "need not be on or near the defendant's person in order to amount to knowing possession." United States v. Wright, 392 F.3d 1269 (11th Cir. 2004). A defendant can have "knowing possession of a firearm when driving a car with the weapon beneath the driver's seat." Id. at 1273-74.

Crawford rammed the vehicle he was driving into a police car. After the police approached his vehicle and while he was still in the driver's seat, the police observed a firearm on the floor in front of the adjacent passenger's seat. Crawford argues that the evidence was insufficient to show that he had the intention or power to exercise dominion or control over the firearm because the officers prevented him from placing his hand on it.

We disagree. The evidence showed that Crawford had the ability and the intention to grab the firearm. Since he does not dispute the remaining elements of the § 922(g) offense, we conclude that the evidence was sufficient to convict him knowing, constructive possession of the firearm.

<u>Jury instruction</u>

Crawford argues that the court's instruction that a person who "has both the power and the intention to exercise dominion and control over an object or over a vehicle in which the object is located, . . . is in constructive possession of it" was misleading and inaccurate. Specifically, he contends that the instruction was not the Eleventh Circuit Pattern Jury Instruction for the § 922(g) offense, and thus allowed the jury to convict him without proof that he knew the firearm was present in the car he was driving.

Crawford did not object to the instruction; we therefore review it for plain error. For an error to be "plain," it "must either have been clear under the law at the time the error was made, or clearly contrary to the law at the time of the appeal." <u>United States v. Prieto</u>, 232 F.3d 816, 823 (11th Cir. 2000).

A person has constructive possession over an object if he has knowledge of the object and "ownership, dominion, or control over the [object] itself or dominion or control over the premises or the vehicle in which the [object] was concealed." <u>Derose</u>, 74 F.3d at 1185. Mere presence near an object is insufficient to establish possession. <u>Gardiner</u>, 955 F.2d at 1495. The pattern jury instruction on the meaning of constructive "possession" is, in relevant part, as follows: "A person . . . who has both the power and the intention to later take control over

5

something . . . is in constructive possession of it." Pattern Crim. Jury Instr. 11th Cir. SI 6.

Although the court deviated from the pattern jury instruction, the instruction was a correct statement of the law. In sum, the instruction was not erroneous, much less plainly so.

Crawford challenges his sentence as unreasonable. See United States v. Booker, 543 U.S. 220, 264, 125 S.Ct. 738, 767, 160 L.Ed.2d 621 (2005). He says that it was greater than necessary and unjustified in light of the 18 U.S.C. § 3553(a) sentencing factors. In particular, he argues that (1) the statutory minimum sentence of fifteen years' imprisonment would have been adequate, (2) his sentence was disproportionately higher than sentences of more violent offenders and other armed career criminals, such as he, and (3) his status as an armed career criminal was based on predicate crimes that he committed when he was relatively young and immature.

If the district court committed no significant procedural error at sentencing, we evaluate a sentence's substantive reasonableness under an abuse-of-discretion standard, considering the totality of the circumstances. Gall v. United States, 552 U.S. __, __, 128 S.Ct. 586, 597, 169 L.Ed. 445 (2007).

Pursuant to § 3553(a), the court must impose a sentence "sufficient, but not

6

greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection," namely to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from future crimes of the defendant, and provide the defendant with needed educational or vocational training or medical care. See 18 U.S.C. § 3553(a)(2). The court must also consider the following factors in determining a particular sentence: the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentences available, the guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwanted sentencing disparities, and the need to provide restitution to victims. See 18 U.S.C. § 3553(a)(1), (3)-(7).

The record reflects that the court considered all of the § 3553(a) factors, particularly Crawford's history and characteristics, the nature and circumstances of the offense, and the needs to avoid unwarranted sentence disparities, deter Crawford, and protect the public. In light of these factors and the range of reasonable sentences, it was not an abuse of discretion for the court to conclude that a prison term of 235 months, the low end of the Guidelines sentence range, was necessary to comply with the purposes of 18 U.S.C. § 3553. We therefore reject Crawford's argument that his sentence is unreasonable.

For the foregoing reasons, Crawford's conviction and sentence are

AFFIRMED.