[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 10, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-11580
Non-Argument Calendar

_____

D. C. Docket No. 07-20567-CR-AJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CORNELIUS CLARENCE LEWIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 10, 2009)

Before EDMONDSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Cornelius Clarence Lewis appeals his conviction and sentence for possession of ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Lewis contends that the district court erred in denying his motion for judgment of acquittal based on insufficient evidence and in relying on prior convictions not alleged in his indictment or proven to a jury to enhance his sentence. We disagree and affirm his conviction and sentence.

I.

Upon a defendant's motion, a district court must grant a "judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). We review *de novo* the sufficiency of evidence to support a conviction. United States v. Ortiz, 318 F.3d 1030, 1036 (11th Cir. 2003). We will affirm a conviction if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Hunt, 187 F.3d 1269, 1270 (11th Cir. 1999) (internal quotation marks omitted) (emphasis in original). In making this determination, we review the evidence in the light most favorable to the government and accept all reasonable

2

inferences in favor of the jury's verdict. United States v. Chirinos, 112 F.3d 1089, 1095 (11th Cir. 1997).

We see sufficient evidence to sustain Lewis's conviction for possession of ammunition by a convicted felon. To convict Lewis under section 922(g)(1), the government must show (1) he was a convicted felon, (2) he knowingly possessed ammunition, and (3) the ammunition was part of interstate commerce. United States v. Palma, 511 F.3d 1311, 1315 (11th Cir. 2008). Lewis does not dispute that he was a convicted felon at the time of the offense or that the pertinent ammunition traveled in interstate commerce. Instead, he claims that the government failed to prove that he knowingly possessed the ammunition.

We disagree. At trial, the government produced multiple witnesses who testified that they personally observed Lewis possess the several rounds of ammunition at issue in this case. Lewis says that the testimony is not credible because it was riddled with inconsistencies and conflicts. But we must accept a jury's credibility determination unless the testimony "is incredible as a matter of law." United States v. Calderon, 127 F.3d 1314, 1325 (11th Cir. 1997) (internal quotation marks omitted). And testimony is incredible only if it is "unbelievable on its face" -- it offers "facts that [the witness] physically could not have possibly observed or events that could not have occurred under the laws of nature." United

3

States v. Rivera, 775 F.2d 1559, 1561 (11th Cir. 1985) (internal quotation marks omitted).  Lewis has not shown that the testimony of the government's witnesses is incredible as a matter of law.  We, therefore, see no error in the district court's denial of Lewis's motion for judgment of acquittal as to this claim.

II.

We similarly see no merit in Lewis's contention that the district court erred in using his prior convictions -- not listed in his indictment or proved to a jury -- to classify him as an armed career criminal and to enhance his sentence under 18 U.S.C. § 924(e).  In Almendarez-Torres v. United States, 118 S. Ct. 1219 (1998), the Supreme Court concluded that the government need not allege in its indictment or prove beyond a reasonable doubt that a defendant had prior convictions for the district court to use those convictions to enhance a sentence.  Id. at 1223.  Prior precedent, therefore, bars any argument that the district court erred in sentencing Lewis based on convictions not listed in his indictment or proved to a jury.  United States v. Wade, 458 F.3d 1273, 1278 (11th Cir. 2006).

### III.

We affirm Lewis's conviction and sentence.

AFFIRMED.