[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 23, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-11502
Non-Argument Calendar

_____

D. C. Docket No. 08-00090-CR-3-MHT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SEMMIE THEODORE BAGGIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(November 23, 2009)

Before EDMONDSON, BIRCH and KRAVITCH, Circuit Judges.

PER CURIAM:

Semmie Theodore Baggin appeals his conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). Baggin challenges this conviction on three grounds: (1) The district court should have suppressed his statements to police after an investigatory traffic stop because he was stopped unconstitutionally; (2) The district court erred in admitting into evidence rebuttal testimony about police surveillance of Baggin; (3) The evidence was insufficient to establish that Baggin knowingly possessed a firearm. We affirm Baggin's conviction.

## I. Background

On March 22, 2007, police stopped Baggin as he was on his way to sell crack cocaine to a confidential informant ("CI"). After his arrest for possession of crack cocaine, Baggin made statements to police about a firearm in a trailer home at Lot 17, 348 Chestnut Street ("Lot 17"). Baggin later was indicted for possession of a firearm by a convicted felon. Baggin moved to suppress the statements he made to police regarding the firearm, arguing that he had been stopped without reasonable suspicion.

Baggin and Officer James Bailey testified at the suppression hearing before a magistrate judge. Bailey testified that the CI had no criminal record, had provided reliable information before, and was not paid for the information. Bailey

2

also stated that he had known Baggin for ten years and recognized Baggin's voice on the phone while the CI was arranging the deal with Baggin. Bailey then testified that he and other law enforcement officers stopped Baggin while he was on the way to the drug deal and that, after his arrest, Baggin admitted having a firearm in his trailer at Lot 17 and described exactly where it was later found.

Baggin testified that his wife lived in the trailer at Lot 17 and that he no longer lived there at the time of arrest. He stated that he lived with his step-daughter, who owned the firearm and stored it in the trailer home at Lot 17 because he was not allowed to be around firearms.

The magistrate judge recommended denying Baggin's motion to suppress, finding Bailey's testimony about the use of the CI and surveillance prior to the investigatory stop to be undisputed and enough to establish reasonable suspicion. Baggin did not object to the recommendation, and the district court adopted it, denying Baggin's motion to suppress.

At trial, Officer Derrick Farr testified that, during questioning after the arrest, Baggin stated that he lived at Lot 17 and admitted that he had a firearm stored there. He testified that Baggin then called his wife and told her to allow the police to recover the firearm. Farr testified that he later found the firearm exactly where Baggin described.

The defense offered the testimony of Baggin's wife and Baggin's step-daughter. Baggin's wife testified that Baggin no longer lived at the trailer on Lot 17, that none of Baggin's clothes were there, and that he did not have a key. Baggin's step-daughter testified that she bought the firearm from the pawn shop and stored it at her mother's house so that Baggin would not be near it. She offered the pawn shop receipt with her signature into evidence as proof of ownership.

In rebuttal, the prosecution sought to introduce testimony based on surveillance evidence from the drug sting. Baggin objected, arguing that this evidence had no probative value and was unduly prejudicial. The district court denied this objection, and the prosecution offered the testimony of Officers David Cofield and Farr. Cofield testified that he heard Baggin, while planning the drug sale with the CI on the phone, say, "I have to go run by the house and I'll be on my way to the church." Farr testified that, soon after this call, he observed Baggin enter the trailer at Lot 17 and leave a minute later. Farr did not see anyone let Baggin into the trailer, but he could not say whether anyone else was inside.

The government rested and the jury convicted Baggin. This appeal followed.

## II. Discussion

On appeal, Baggin argues that the district court erred by denying his motion to suppress statements he made after the investigatory traffic stop. Because Baggin did not object to the magistrate judge's recommendation within the prescribed time and the district court later adopted this recommendation, we review the district court's factual findings for plain error. United States v. Warren, 687 F.2d 347, 348 (11th Cir. 1983); see also 28 U.S.C. § 636. An error is "plain" if "it is obvious and clear under current law." United States v. Eckhardt, 466 F.3d 938, 948 (11th Cir. 2006). We review the district court's application of law to the facts, however, de novo. Warren, 687 F.2d at 348.

Baggin argues that the investigatory traffic stop violated the Fourth Amendment because there was no "reasonable suspicion" to justify the stop under Terry v. Ohio, 392 U.S. 1 (1968). He contends that the tip from the confidential informant did not exhibit "sufficient indicia of reliability to provide reasonable suspicion to make the investigatory stop." Alabama v. White, 496 U.S. 325, 326-27 (1990). In support, he argues that the only information available to officers in this case was "that someone would be driving down Louina Road to deliver cocaine."

This argument is not persuasive. By adopting the magistrate judge's recommendation, the district court found Bailey's description of the CI and police

5

surveillance to be undisputed. Because Baggin presented no evidence contradicting Bailey's testimony, we see no plain error and we accept these findings in full. Given these facts, there was sufficient evidence to establish reasonable suspicion. First, the CI had worked reliably with the officers and previously provided accurate information. Second, there was significant evidence corroborating the tip. Officer Bailey was present for the phone call between the CI and Baggin to set up a controlled buy and recognized Baggin's voice. Furthermore, Baggin was stopped while driving toward the location of the drug deal. Thus, the district court did not err in denying Baggin's motion to suppress.

Next, Baggin argues that the district court violated Federal Rule of Evidence 403 by admitting rebuttal testimony about police surveillance of Baggin into evidence. He contends that the rebuttal evidence was not probative of any of the main issues in the case and was unduly prejudicial because it constituted evidence of Baggin's prior crimes.

We review the district court's admission of evidence under Rule 403 for an abuse of discretion. United States v. Jernigan, 341 F.3d 1273, 1284 (11th Cir. 2003). In applying this standard, we view the evidence in the light most favorable to admission, maximizing its probative value and minimizing its undue prejudicial impact. Id. at 1284.

6

Under this deferential standard, the district court did not abuse its discretion. The rebuttal testimony was probative of Baggin's access to the trailer at Lot 17, which in turn was relevant to one of the most important issues in the case: whether Baggin had possession of the firearm. Moreover, the testimony was not unduly prejudicial. Farr testified that Baggin was under arrest on unrelated charges when he told police the firearm was in the trailer. Furthermore, during rebuttal testimony, the district court instructed the witnesses not to refer to the drug investigation. Therefore, we conclude that the district court did not abuse its discretion by admitting the testimony.

Finally, Baggin argues that the evidence at trial was not sufficient to support his conviction. We review de novo the sufficiency of evidence to support a conviction. United States v. Ortiz, 318 F.3d 1030, 1036 (11th Cir. 2003). We apply a deferential standard, however, and will affirm a conviction if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Hunt, 187 F.3d 1269, 1270 (11th Cir. 1999) (quotation marks omitted). In making this determination, we review the evidence in the light most favorable to the government and accept all reasonable inferences in favor of the jury's verdict. United States v. Chirinos, 112 F.3d 1089, 1095 (11th Cir. 1997).

Because it is undisputed that Baggin did not have actual possession of the firearm, the critical question is whether he had constructive possession. A defendant has constructive possession of contraband when he owns or exercises dominion and control over the premises in which the contraband is concealed. United States v. Molina, 443 F.3d 824, 829 (11th Cir. 2006).

Here, the evidence was sufficient for the jury to conclude that Baggin exercised dominion over the trailer home at Lot 17 and, therefore, had constructive possession of the firearm. Farr testified that Baggin identified his home address as Lot 17, that Baggin knew where the firearm was concealed in that trailer, and signed a consent form authorizing Farr to retrieve the firearm. Police then found the firearm exactly where Baggin had said it would be. Moreover, Farr testified that he saw Baggin enter the trailer at Lot 17 with apparent ease. This evidence was sufficient for the jury to conclude that Baggin had constructive possession of the firearm.

We, therefore, affirm the conviction.

**AFFIRMED**.