[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14145
Non-Argument Calendar
_____

D.C. Docket No. 3:13-cr-00100-TJC-JRK-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN EDWIN CORN, JR.,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 24, 2015)

Before MARCUS, WILLIAM PRYOR, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant John Edwin Corn, Jr. ("Defendant") was convicted, following a jury trial, of two counts of attempted Hobbs Act robbery, one count of Hobbs Act robbery, and one count of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 1951(a) and 924(c)(1)(A)(ii), respectively. On appeal, Defendant challenges only his § 924(c) conviction for brandishing a firearm. He contends that the prosecution ("the Government") presented insufficient evidence to prove beyond a reasonable doubt that he had brandished a firearm that fit the applicable statutory definition. After careful review, we affirm Defendant's conviction.

## I. Background

As relevant to this appeal, Defendant was indicted for one count of brandishing a fireman in furtherance of his October 13, 2012, attempted robbery of a Publix grocery store. Defendant pled not guilty and proceeded to a jury trial.

At trial, the Government presented the testimony of Publix assistant store manager, Vanessa Giles. Giles testified that, during the attempted robbery, Defendant told her that he had a gun and ordered her to give him money. Giles did not see a gun at that time. While walking to the cash registers, Giles picked up a bottle of wine and swung it at Defendant, yelling at him to get out of the store. Defendant responded by pulling out a gun and pointing it at Giles. She then swung the bottle at Defendant a second time, and he fled the store.

2

In her testimony, Giles described Defendant's gun as a small black handgun that "looked like a regular magnum." She further testified that the gun was a semiautomatic pistol like the one her brother, who was in the military, had shown her. While she only saw Defendant's gun briefly, she believed that it was real.

The Government also introduced video footage taken from the store's surveillance cameras. Giles explained that the recording did not show Defendant with the gun because, when Defendant backed away from her, he entered a "dead space" where the surveillance cameras did not capture what was happening. The gun was never recovered and was not introduced into evidence at Defendant's trial.

Defendant moved for a judgment of acquittal under Federal Rule of Criminal Procedure 29 at the close of the Government's case, arguing that the Government had failed to produce sufficient evidence from which a reasonable jury could conclude beyond a reasonable doubt that he had possessed an actual firearm. The district court reserved ruling on this motion until after the jury returned a verdict. Defendant renewed his motion before the case was submitted to the jury, and the court again reserved its ruling until after the jury returned a verdict. After the jury found Defendant guilty, the district court denied Defendant's motion for judgment of acquittal.

3

## II.  Discussion

On appeal, Defendant argues that Giles's testimony was insufficient, by itself, to convict him of brandishing a "real" firearm during the attempted robbery. We review *de novo* whether the evidence was sufficient to sustain a conviction, viewing the evidence in the light most favorable to the Government and drawing all reasonable inferences in favor of the jury's verdict.  *United States v. Woodruff*, 296 F.3d 1041, 1045 (11th Cir. 2002).

To establish the crime of brandishing a firearm during the commission of a crime, the Government must show that a defendant (1) carried or used a firearm (2) during and in relation to the commission of a crime of violence.  18 U.S.C. § 924(c)(1)(A).  A firearm within the meaning of the statute is any weapon "which will or is designed to or may readily be converted to expel a projectile by the action of an explosive."  *Id*. § 921(a)(3)(A).  However, the Government need not "show to a scientific certainty that a defendant is carrying a device that fires projectiles by means of an explosive."  *United States v. Hunt*, 187 F.3d 1269, 1271 (11th Cir. 1999).  The Government does not have to offer the gun itself into evidence or produce an expert witness to identify the gun as a "firearm."  *Id.* Rather, "a § 924(c) conviction may be sustained by lay witness testimony that a defendant carried or used a gun."  *Id*.

4

Here, in light of Giles's testimony, the record contains sufficient evidence to support the jury's guilty verdict on the count charging brandishing of a firearm. Specifically, Giles testified that Defendant told her he had a gun and he later pointed it at her.  She provided a description of Defendant's firearm, noting that it was a small black handgun about the size of Defendant's hand.  She further testified that she had experience with a similar firearm, and she believed that Defendant's firearm was real.  From this evidence, the jury could draw a reasonable inference that Defendant brandished a firearm and that it was a real gun, as required by § 921(a)(3)(A).  *See id.*  Accordingly, the district court did not err in denying the motion for judgment of acquittal, and we affirm Defendant's conviction.[1]

**AFFIRMED.**

---

[1] On appeal, Defendant also suggests that the jury may have been confused as to whether the gun needed to be a "real" firearm in order to convict him for brandishing a firearm. However, Defendant does not challenge the district court's jury instruction as to this issue, and we presume that the jury followed the instructions they were given. *See United States v. Lopez*, 649 F.3d 1222, 1237 (11th Cir. 2011).