[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13185
Non-Argument Calendar
_____

D.C. Docket No. 0:17-cr-60112-KAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER BRINSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 21, 2019)

Before MARCUS, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Christopher Brinson appeals from his conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  Brinson contends the district court plainly erred in allowing the expert testimony of Detective Stephen Barborini regarding his prior identifications of firearms, and the district court erred in denying Brinson's motion for judgment of acquittal, as the evidence was insufficient to support his conviction because the Government failed to prove an object he was holding in images on social media was, in fact, a firearm.  After review, we affirm Brinson's conviction.

## I.  DISCUSSION

### A.  *Prior firearms identifications*

Rule 702 of the Federal Rules of Evidence allows "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education," to give expert testimony, so long as the following requirements are met:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.  Rule 703 of the Federal Rules of Evidence provides that "[a]n expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed."  Fed. R. Evid. 703.  However, "if the facts or data would otherwise be inadmissible, the proponent of the opinion may

disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." *Id.*

Expert testimony that meets the requirements of Rule 702 may still be excluded under Rule 403. *United States v. Frazier*, 387 F.3d 1244, 1263 (11th Cir. 2004) (en banc). Rule 403 of the Federal Rules of Evidence provides the court may exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

Plain-error review applies because, as Brinson concedes, although he objected to testimony regarding the details of Barborini's 32 prior firearms identifications, he did not object to Barborini's testimony he had made 32 prior, accurate determinations. *See United States v. Vereen*, 920 F.3d 1300, 1312 (11th Cir. 2019) ("Objections not raised in the district court are reviewed only for plain error."). The district court did not plainly err in allowing Barborini's testimony regarding his prior, accurate firearms identifications. *See id.* (explaining under plain-error review, we may correct an error where (1) an error occurred; (2) the

3

error was plain; (3) the error affects substantial rights; and (4) the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings"). Barborini's testimony regarding the 32 prior determinations was not part of his expert opinion; rather, it occurred while he was being qualified as an expert witness and supported his experience in the field of firearms identification, in which he was qualified as an expert without objection. *See* Fed. R. Evid. 702*; Frazier*, 387 F.3d at 1260 (stating the burden of establishing a witness is qualified to testify as an expert, pursuant to Rule 702, rests on the proponent of the expert testimony). Thus, the testimony regarding the 32 prior determinations was relevant as it pertained to Barborini's experience and qualifications as an expert and relayed to the jury how his prior experience informed the conclusions he reached in this case. Barborini's qualification as an expert also relied on his advanced training with the ATF, which included traveling to firearms manufacturers and learning about the markings of various firearms. *See* Fed. R. Evid. 702. Further, even if Barborini's testimony were inadmissible, its probative value of relaying to the jury his experience in firearms identification outweighed any prejudicial effect. *See* Fed. R. Evid. 403; *United States v. Jernigan*, 341 F.3d 1273, 1284 (11th Cir. 2003) (stating we review issues related to Rule 403 "in a light most favorable to [the evidence's] admission, maximizing its probative value and minimizing its undue prejudicial impact" (quotation marks omitted)).

Lastly, Brinson's reliance on *United States v. Scrima*, 819 F.2d 996, 1002 (11th Cir. 1987), is misplaced.  In *Scrima*, this Court held the district court did not err by limiting an expert witness's testimony regarding a hearsay statement that formed the basis of his opinion, determining that, although experts could sometimes rely on hearsay as a basis for their testimony, such hearsay evidence must be of the type reasonably relied upon by experts in that field in forming opinions.  *Id.  Scrima* dealt with an expert witness's reliance on hearsay testimony to form an opinion, whereas here, the basis for Barborini's testimony was his own training and personal experience identifying firearms. Accordingly, Brinson did not identify any on-point case precedent that supported his argument regarding Barborini's expert testimony.  *See United States v. Hoffman*, 710 F.3d 1228, 1232 (11th Cir. 2013) (stating for an error to be plain, it must be "contrary to explicit statutory provisions or to on-point precedent in this Court or the Supreme Court" (quotations omitted)).

## B.  Sufficiency of the Evidence

"To justify a conviction for violation of § 922(g)(1), the government must have proved that: (1) [the defendant] was a convicted felon, (2) he knowingly possessed a firearm, and (3) the firearm was in or affected interstate commerce." *United States v. Howard*, 742 F.3d 1334, 1341 (11th Cir. 2014).  A firearm includes "any weapon (including a starter gun) which will or is designed to or may

5

readily be converted to expel a projectile by the action of an explosive." 18 U.S.C. § 921(a)(3).

We have held a conviction for brandishing a gun during the commission of a crime, under 18 U.S.C. § 924(c), "may be sustained by lay witness testimony that a defendant carried or used a gun," rejecting the defendant's argument the government failed to offer sufficient evidence the object he brandished during a robbery was a firearm capable of firing a projectile by means of an explosive. *United States v. Hunt*, 187 F.3d 1269, 1270-71 (11th Cir. 1999). Evidence in *Hunt* included witness testimony Hunt possessed a firearm during a bank robbery, including one witness's testimony Hunt "cocked the gun" in her face. *Id.* at 1270. We determined the government did not have to "show to a scientific certainty that a defendant is carrying a device that fires projectiles by means of an explosive" nor did it have to offer the gun into evidence or present expert witness testimony identifying the object as a firearm. *Id.* at 1271. In a factually similar case, we applied *Hunt* in affirming a defendant's § 924(c) conviction, even though the firearm was not in evidence, based upon witness testimony about the weapon. *United States v. Woodruff*, 296 F.3d 1041, 1049 (11th Cir. 2002).

The evidence was sufficient to support Brinson's § 922(g)(1) conviction. *See United States v. Lander*, 668 F.3d 1289, 1296 (11th Cir. 2012) ("We review de novo the district court's denial of a judgment of acquittal on sufficiency of the

6

evidence grounds."). Although Brinson argues *Hunt* and *Woodruff* are distinguishable because they involved violent crimes, our holding in both cases, that the government need not show to a scientific certainty a defendant is carrying a firearm, did not depend on the violent nature of the robberies in those cases. *See Woodruff*, 296 F.3d at 1049; *Hunt*, 187 F.3d at 1270-71. While the officers who testified at Brinson's trial did not see the alleged firearm in person, they all viewed the photographs and video depicting Brinson holding what appeared to them to be a firearm. Although Brinson contrasts Barborini's testimony with that of his expert witness's, the jury had exclusive province over credibility determinations and was entitled to accept Barborini's testimony and reject Brinson's expert witness's testimony. *See United States v. Feliciano*, 761 F.3d 1202, 1206 (11th Cir. 2014) ("The jury has exclusive province over the credibility of witnesses . . . ."). Further, the officers' testimonies, based on viewing the images of Brinson and their experiences handling similar firearms, were not incredible as a matter of law. *See id.* (stating in conducting sufficiency review, we will not revisit the question of witness credibility "unless it is incredible as a matter of law"). Accordingly, the evidence was sufficient to support Brinson's conviction.

## II.  CONCLUSION

We affirm Brinson's 18 U.S.C. § 922(g) conviction.

**AFFIRMED.**

7