[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12784
Non-Argument Calendar
_____

D.C. Docket No. 5:18-cr-00442-SLB-GMB-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ARCHIE WILLIAMS,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(April 3, 2020)

Before WILSON, WILLIAM PRYOR, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Archie Williams appeals his convictions for bank robbery (Count One) and possession of a firearm in furtherance of a crime of violence (Count Two). First, he argues that the district court abused its discretion when it denied his motion to withdraw his guilty plea as to bank robbery. And second, he argues that there was insufficient evidence to prove that he possessed a real firearm during the bank robbery. After careful review of the briefs and the record, we affirm.

## I.

We review the denial of a defendant's motion to withdraw a guilty plea for abuse of discretion. *United States v. Freixas*, 332 F.3d 1314, 1316 (11th Cir. 2003). "There is no abuse of discretion unless the denial is arbitrary or unreasonable." *United States v. Brehm*, 442 F.3d 1291, 1298 (11th Cir. 2006) (per curiam) (internal quotation mark omitted). Where the defendant objects to a district court's claimed error but advances a different argument on appeal, we review for plain error. *United States v. Wright*, 392 F.3d 1269, 1277 (11th Cir. 2004). Under the plain error standard, a defendant must show that there was (1) error, (2) that was plain, and (3) that affected his substantial rights. *See Dell v. United States*, 710 F.3d 1267, 1275 (11th Cir. 2013). "[A]t least where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court

directly resolving it." *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003) (per curiam).

Once the district court has accepted a defendant's guilty plea, the defendant may withdraw it prior to sentencing if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "There is no absolute right to withdraw a guilty plea." *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). In determining if the defendant has met his burden, a district court may consider the totality of the circumstances surrounding the plea, including: "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." *United States v. Buckles*, 843 F.2d 469, 472 (11th Cir. 1988) (citation omitted).

There is a strong presumption that statements made during a plea colloquy are true. *Medlock*, 12 F.3d at 187. Consequently, a defendant bears a heavy burden to show that his statements under oath were false. *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988) (per curiam).

Here, the district court did not abuse its discretion by denying Williams's motion to withdraw his guilty plea because he did not demonstrate a fair and just reason for requesting the withdrawal. First, it was within the district court's

3

discretion to determine that Williams's assertions that he had clouded judgment when he pled guilty were not credible in light of Williams's statements under oath during his plea colloquy that he felt well and nothing was impacting his understanding of the proceedings.  Second, Williams has not shown that the district court plainly erred by not explicitly explaining that his guilty plea as to Count One could be used against him at his trial for Count Two.[1]  He has not pointed to any on-point precedent establishing that it is an error to deny a defendant's plea withdrawal when such consequences of a guilty plea are not explained.  And finally, close assistance of counsel was available.  He testified at his plea colloquy and at the hearing on his motion to withdraw that he had discussed the charge in Count One and pleading guilty with his counsel.[2]  Therefore, we affirm the district court's denial of Williams's motion to withdraw his plea.

## II.

We review the sufficiency of the evidence supporting a conviction *de novo*. *United States v. Boffil-Rivera*, 607 F.3d 736, 740 (11th Cir. 2010).  The evidence is sufficient to support a conviction if, "after viewing the evidence in the light most

---

[1] Williams did not raise this argument before the district court.

[2] To the extent Williams raises an ineffective assistance of counsel argument, "[i]t is settled law in this circuit that a claim of ineffective assistance of counsel cannot be considered on direct appeal if the claims were not first raised before the district court and if there has been no opportunity to develop a record of evidence relevant to the merits of the claim." *See United States v. Perez-Tosta*, 36 F.3d 1552, 1563 (11th Cir. 1994).  Therefore, we decline to consider the sufficiency of counsel's advice for the first time on Williams's direct appeal.

favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Whether the evidence is direct or circumstantial, we accept all reasonable inferences that tend to support the government's case. *See United States v. Macko*, 994 F.2d 1526, 1528 (11th Cir. 1993).

"[A]ny person who, during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm" shall be sentenced to at least five years' imprisonment. 18 U.S.C. § 924(c)(1)(A). A "firearm" is defined in a separate section as any weapon "which will or is designed to or may readily be converted to expel a projectile by the action of an explosive," the "frame or receiver of any such weapon," "any firearm muffler or firearm silencer," or "any destructive device." 18 U.S.C. § 921(a)(3).

"[A] § 924(c) conviction may be sustained by lay witness testimony that a defendant carried or used a gun." *United States v. Hunt*, 187 F.3d 1269, 1271 (11th Cir. 1999) (per curiam). The government need not admit the gun itself into evidence, produce an expert witness to identify a firearm, or show with scientific certainty that the defendant's device could fire projectiles to secure a § 924(c) conviction. *United States v. Woodruff*, 296 F.3d 1041, 1049 (11th Cir. 2002).

In *Hunt*, we held that there was sufficient evidence for the jury to draw a reasonable inference that an object in the defendant's hand was a real gun and not a

toy when "[t]he [g]overnment offered the testimony of two witnesses who, at close range, observed Hunt point a gun at them," and bank surveillance showed the defendant holding what appeared to be a gun.  187 F.3d at 1271.  And in *Woodruff*, we held that sufficient evidence supported the defendant's § 924(c) conviction because "the jury heard testimony about the weapon from three of the victims and viewed photographic evidence depicting the gun."  296 F.3d at 1049; *see also United States v. King*, 751 F.3d 1268, 1274 (11th Cir 2014) (holding there was sufficient evidence to support § 924(c) convictions where the jury heard testimony from victims—several of whom had the weapon thrust into their face—about a gun being used in each robbery and saw videos and photographs of the robberies).

Here, there was sufficient evidence for a rational jury to conclude that the device Williams carried during the bank robbery was a firearm in violation of § 924(c).  Under our precedent, the lay witness testimony of five people and the surveillance footage would reasonably allow a jury to draw the inference that Williams possessed a real firearm during the robbery.  Therefore, we affirm Williams's § 924(c) conviction.

**AFFIRMED.**