[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12510

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ARIEL VALERO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:23-cr-60020-CMA-1

_____

Before BRASHER, ABUDU, and MARCUS, Circuit Judges.

PER CURIAM:

Ariel Valero appeals his convictions for bank robbery, in violation of 18 U.S.C. § 2113(a), and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(a)(ii). He argues that the evidence was insufficient to prove that he robbed a bank and brandished a gun during the robbery. After thorough review, we affirm.

We review *de novo* whether there is sufficient evidence to support a conviction. *United States v. Jiminez*, 564 F.3d 1280, 1284 (11th Cir. 2009). In so doing, we view the record in the light most favorable to the government, resolving all reasonable inferences in favor of the verdict. *Id.* The evidence will be sufficient to support a conviction if "a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt." *Id.* at 1284–85 (quotations omitted).

The test for sufficiency is the same regardless of whether the evidence is direct or circumstantial, but where the government relied on circumstantial evidence, reasonable inferences must support the conviction. *United States v. Martin*, 803 F.3d 581, 587 (11th Cir. 2015). We will assume that the jury resolved all questions of credibility in a manner supporting the verdict. *Jiminez*, 564 F.3d at 1285. The evidence need not exclude every reasonable hypothesis of innocence for a reasonable jury to find guilt beyond a reasonable doubt. *United States v. Cruz-Valdez*, 773 F.2d 1541, 1545 (11th Cir.

1985) (*en banc*).  Instead, the jury may choose among alternative, reasonable interpretations of the evidence.  *Id.*

A defendant violates 18 U.S.C. § 2113(a) if he uses force and violence, or intimidation, to take property from a bank.  18 U.S.C. § 2113(a).  Section 924(c) of Title 18 of the U.S. Code prohibits the use of a firearm in furtherance of any crime of violence.  *Id.* § 924(c)(1)(A).

We've held that a conviction for brandishing a gun during the commission of a crime, under 18 U.S.C. § 924(c), "may be sustained by lay witness testimony that a defendant carried or used a gun."  *United States v. Hunt*, 187 F.3d 1269, 1271 (11th Cir. 1999). We further held that the government need not "show to a scientific certainty that a defendant is carrying a device that fires projectiles by means of an explosive" nor "offer the gun itself into evidence or produce an expert witness to identify a firearm."  *Id.* (quotations omitted).

Here, the government presented sufficient evidence to support the jury's verdict that Valero was guilty on both counts beyond a reasonable doubt.  *Jiminez*, 564 F.3d at 1284–85. As for the bank robbery charge, multiple bank employees testified to Valero's use of force and violence or intimidation to take property from the bank, recalling that a masked man who met Valero's description -- as a "muscular" man with large biceps, around 5'9" and Hispanic -- had robbed the bank at gunpoint; surveillance video from inside the bank corroborated their testimonies; and the bank teller who turned over $30,095.99 to the robber said that he was so

intimidated that he feared for his life.  Further, one of the bank employees testified that the robber left the crime scene on a bicycle, which had been parked outside the bank's door.  Consistent with this, law enforcement testified that surveillance video from outside the bank confirmed that the robber arrived at, and left, the bank on a bicycle, and then abandoned the bicycle shortly after the robbery. Law enforcement added that they swabbed the bicycle's seat for DNA, served a warrant to obtain Valero's DNA, and sent both samples to the FBI to determine whether the samples matched.  The FBI forensic examiner who compared the DNA samples testified that it was "54 sextillion times more likely" that Valero contributed the DNA on the bicycle seat than an unknown, unrelated individual.

Notably, Valero denied ever touching the bike to law enforcement; so when his statement was disproven by DNA testing, his "false exculpatory statement[] made pre-trial," if disbelieved by the jury, could have been considered as substantive evidence of his guilt.  *See United States v. Hughes*, 840 F.3d 1368, 1385 (11th Cir. 2016). In addition, shortly after the police told Valero they were testing his DNA, he moved to Arizona, which, as the jury was correctly instructed, also may demonstrate "consciousness of guilt concerning the crime charged."  *United States v. Blakely*, 960 F.2d 996, 1001 (11th Cir. 1992).  Thus, the record contains ample evidence to allow the jury to infer that Valero used force and violence, or intimidation, to take property from a bank.  18 U.S.C. § 2113(a).

As for the brandishing charge, there was sufficient evidence that Valero was carrying or using a firearm during the robberies because multiple witnesses testified that the robber carried a gun. *Id*. § 924(c)(1)(A). The record reflects that two of the bank employees testified that they believed the gun was real, while a third employee said that he was unsure. Further, one employee testified that the robber pointed the gun at the bank teller as he demanded money. And as we've held before, lay witness testimony that a defendant used or carried a gun, as here, is sufficient for a conviction for using or carrying a gun during a crime of violence, in violation of § 924(c). *Hunt*, 187 F.3d at 1270. Further, the government was not required to offer the gun into evidence or show, with "scientific certainty," that the gun was real. *Id*.

In short, reasonable inferences support the jury's guilty verdict on both counts. Although no witness could positively identify Valero as the person who robbed the bank at gunpoint and left the crime scene on a bicycle, the evidence does not need to exclude every reasonable hypothesis of innocence. *Cruz-Valdez*, 773 F.2d at 1545. The jury instead was free to reasonably interpret the evidence described above to find Valero guilty. *Id*. Accordingly, we affirm.

**AFFIRMED.**